## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   20-cv-03120-DDD-KMT

DAVID LANFORD,

      Plaintiff,

v.

UNIVERSITY OF COLORADO, THROUGH ITS
BOARD, THE REGENTS OF THE UNIVERSITY
OF COLORADO, A BODY CORPORATE,

Defendant.

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant, The University of Colorado, through its board, the Regents of the University of Colorado, a body corporate (the "University") submits this Answer to Plaintiff's Complaint and Jury Demand as follows:

### Introduction

1. The statements in paragraphs 1 do not appear to be allegations to which a response is required. To the extent a response is required, Defendant admits Plaintiff was formerly employed at the University of Colorado, Colorado Springs as a police officer until his administrative discharge. Defendant denies it engaged in any discrimination toward Plaintiff and denies the remaining allegations in Paragraph 1.

### Jurisdiction

2. Defendant admits this Court has jurisdiction.

## Parties

3.    Upon information and belief, the University admits the allegations in Paragraph 3.

4.    The University admits the allegations in Paragraph 4.

5.    The University admits the allegations in Paragraph 5.

6.    The University admits the allegations in Paragraph 6.

## Exhaustion of Administrative Remedies

7.    The University admits the allegations in Paragraph 7.

8.    The University admits the allegations in Paragraph 8.

9.    The University admits the allegations in Paragraph 9.

10.    The University admits the allegations in Paragraph 10.

11.    The University admits the allegations in Paragraph 11.

12.    The University admits the allegations in Paragraph 12.

13.    The University admits the allegations in Paragraph 13.

## General Allegations

14.    Upon information and belief, the University admits the allegations in Paragraph 14.

15.    The University admits the allegations in Paragraph 15.

16.    The University admits the allegations in Paragraph 16.

17.    The University admits the allegations in Paragraph 17.

18.    The University admits the allegations in Paragraph 18.

19.    The University admits the allegations in Paragraph 19.

20.    The University admits the allegations in Paragraph 20.

21.	The University admits the allegations in Paragraph 21.

22.	The University admits the allegations in Paragraph 22.

23.	The University admits the allegations in Paragraph 23.

24.	The University admits the allegations in Paragraph 24.

25.	The University admits Mr. Lanford listed law enforcement experience at the El Paso County Sheriff's Office, Front Range Community College, Kit Carson County Sheriff's Office and Colorado Mental Health Institute at Pueblo, on his application resume.

26.	The University denies the allegations in Paragraph 26.

27.	The University admits the allegations in Paragraph 27.

28.	The University admits the allegations in Paragraph 28.

29.	The University denies the allegations in Paragraph 29.

30.	The University admits the allegations in Paragraph 30.

31.	The University admits that while Mr. Lanford was in his patrol vehicle performing traffic control duties, a driver crashed into the rear of his patrol car and he was injured. The University has insufficient information with which to admit or deny the remaining allegations of Paragraph 31 and therefore denies.

32.	The University has insufficient information with which to admit or deny the allegations in Paragraph 32 and therefore denies.

33.	The University admits Mr. Lanford reported injury, including post-traumatic headache, to a medical provider, but has insufficient information with which to admit or deny the remaining allegations in Paragraph 33 and therefore denies.

34.    The University has insufficient information with which to admit or deny the allegations in Paragraph 34 and therefore denies.

35.    The University has insufficient information with which to admit or deny the allegations in Paragraph 35 and therefore denies.

36.    The University has insufficient information with which to admit or deny the allegations in Paragraph 36 and therefore denies.

37.    The University has insufficient information with which to admit or deny the allegations in Paragraph 37 and therefore denies.

38.    The University has insufficient information with which to admit or deny the allegations in Paragraph 38 and therefore denies.

39.    The University has insufficient information with which to admit or deny the allegations in Paragraph 39 and therefore denies.

40.    The University has insufficient information with which to admit or deny the allegations in Paragraph 40 and therefore denies.

41.    The University has insufficient information with which to admit or deny the allegations in Paragraph 41 and therefore denies.

42.    The University admits the allegations in Paragraph 42.

43.    The University admits Mr. Lanford's medical provider restricted him from performing many of the normal duties of a police officer and has insufficient information with which to admit or deny the remaining allegations in Paragraph 43 and therefore denies.

44.    The University admits the allegations in Paragraph 44.

45.     The University admits Mr. Heidrick was Mr. Lanford's immediate supervisor and that he was aware Mr. Lanford sustained injuries and had limitations but has insufficient information with which to admit or deny the remaining allegations in Paragraph 45 and therefore denies.

46.     The University has insufficient information with which to admit or deny the allegations in Paragraph 46 and therefore denies.

47.     The University admits Mr. Heidrick and other members of Mr. Lanford's chain of command communicated with risk management and human resources but lacks information with which to admit or deny the remaining allegations in Paragraph 47 and therefore denies.

48.     The University admits the allegations in Paragraph 48.

49.     The University admits the allegations in Paragraph 49.

50.     The University admits the allegations of Paragraph 50.

51.     The University admits that a medical provider recommended that Mr. Lanford work no more than four hours per day in a desk job and stated he may need frequent breaks. The University has insufficient information with which to admit or deny the remaining allegations of Paragraph 51 and therefore denies.

52.     The University admits that Mr. Lanford was assigned to light duty work and has insufficient information with which to admit or deny the remaining allegations in Paragraph 52 and therefore denies.

53.     The University admits Mr. Lanford took time off from work multiple times while on light duty and has insufficient information with which to admit or deny the remaining allegations in Paragraph 53 and therefore denies.

54.    The University has insufficient information with which to admit or deny the allegations in Paragraph 54 and therefore denies.

55.    The University has insufficient information with which to admit or deny the allegations in Paragraph 55 and therefore denies.

56.    The University admits the allegations in Paragraph 56.

57.    The University has insufficient information with which to admit or deny the allegations in Paragraph 57 and therefore denies.

58.    The report referenced in Paragraph 58 speaks for itself and requires no further response by the University.

59.    The University admits that at times after March 22, 2018, Mr. Lanford worked part-time in a desk job with a computer, but has insufficient information with which to admit or deny the remaining allegations in Paragraph 59 and therefore denies.

60.    The University admits Mr. Lanford missed work after March 22, 2018, but has insufficient information with which to admit or deny the remaining allegations in Paragraph 60 and therefore denies.

61.    The University admits the allegations in Paragraph 61.

62.    The University admits the allegations in Paragraph 62.

63.    The University admits that Ms. Lewis spoke with someone in the Office of Human Resources about Mr. Lanford in the week before April 17, 2018, and denies the remaining allegations in Paragraph 63.

64.    The University admits the Office of Human Resources functions as the central point of contact to receive all requests for reasonable accommodation and to receive all

6

documentation required to determine disability status for faculty, staff and student employees at UCCS, and denies the remaining allegations in Paragraph 64.

65.     The University admits the Office of Human Resources interprets and applies federal and state laws regarding equal access for faculty, staff, students, and visitors with disabilities, monitors and ensures compliance, and develops and implements internal measures and/or reports which inform the University administration of the status of ADA compliance and opportunities for people with disabilities.

66.     The University has insufficient information with which to admit or deny the allegations in Paragraph 66 and therefore denies.

67.     The University has insufficient information with which to admit or deny the allegations in Paragraph 67 and therefore denies.

68.     The University admits Mr. Lanford missed work at times after April 13, 2018, but has insufficient information with which to admit or deny the remaining allegations in Paragraph 68 and therefore denies.

69.     The University has insufficient information with which to admit or deny the allegations in Paragraph 69 and therefore denies.

70.     The University has insufficient information with which to admit or deny the allegations in Paragraph 70 and therefore denies.

71.     The University has insufficient information with which to admit or deny the allegations in Paragraph 71 and therefore denies.

72.     The University has insufficient information with which to admit or deny the allegations in Paragraph 72 and therefore denies.

73. The University has insufficient information with which to admit or deny the allegations in Paragraph 73 and therefore denies.

74. The University has insufficient information with which to admit or deny the allegations in Paragraph 74 and therefore denies.

75. The University admits the allegations in Paragraph 75.

76. The document referenced in Paragraph 76 speaks for itself and requires no further response by the University.

77. The University admits the allegations in Paragraph 77.

78. The document referenced in Paragraph 78 speaks for itself and requires no further response by the University.

79. The University has insufficient information with which to admit or deny the allegations in Paragraph 79 and therefore denies.

80. The University has insufficient information with which to admit or deny the allegations in Paragraph 80 and therefore denies.

81. The University denies the allegations in Paragraph 81.

82. The University denies the allegations in Paragraph 82.

83. The University denies the allegations in Paragraph 83.

84. The University denies the allegations in Paragraph 84.

85. The University admits the allegations in Paragraph 85.

86. The University has insufficient information with which to admit or deny the allegations in Paragraph 86 and therefore denies.

87. The University admits the allegations in Paragraph 87.

88.    The document referenced in Paragraph 88 speaks for itself and requires no further response by the University.

89.    The document referenced in Paragraph 89 speaks for itself and requires no further response by the University.

90.    The University denies the allegations in Paragraph 90.

91.    The University denies the allegations in Paragraph 91.

92.    The University admits that Ms. Wynne commented "this is very helpful" and denies the remaining allegations in Paragraph 92.

93.    The University has insufficient information with which to admit or deny the allegations in Paragraph 93 and therefore denies.

94.    The University denies the allegations of Paragraph 94.

95.    The University admits the allegations in Paragraph 95.

96.    The document referenced in Paragraph 96 speaks for itself and requires no further response by the University.

97.    The document referenced in Paragraph 97 speaks for itself and requires no further response by the University.

98.    The document referenced in Paragraph 98 speaks for itself and requires no further response by the University.

99.    The University denies the allegations in Paragraph 99.

100.    The University denies the allegations in Paragraph 100.

101.    The University has insufficient information with which to admit or deny the allegations in Paragraph 101 and therefore denies.

102.    The University denies the allegations in Paragraph 102.

103.    The University denies the allegations in Paragraph 103.

104.    The University admits that as of November 5, 2019, Mr. Lanford's position was vacant.

105.    The University denies the allegations in Paragraph 105.

106.    The University admits the allegations in Paragraph 106.

107.    The document referenced in Paragraph 107 speaks for itself and requires no further response by the University.

108.    The University admits the allegations in Paragraph 108.

109.    The University admits the allegations in Paragraph 109.

110.    The State Personnel Board rule referenced in Paragraph 110 speaks for itself and requires no further response by the University, and the remaining allegations of Paragraph 110 are legal conclusions which require no response from the University and to the extent a response is required, the University denies.

111.    The University admits the allegations of Paragraph 111.

112.    The University denies the allegations of Paragraph 112.

113.    The University admits the allegations in Paragraph 113.

114.    The document referenced in Paragraph 114 speaks for itself and requires no further response by the University.

115.    The University has insufficient information with which to admit or deny the allegations in in Paragraph 115 and therefore denies.

116.    The University denies the allegations in Paragraph 116.

10

117.    The University admits the allegations in Paragraph 117.

118.    The University admits the allegations in Paragraph 118.

119.    The voicemail message referenced in Paragraph 119 speaks for itself and requires no further response by the University.

120.    The University admits the allegations in Paragraph 120.

121.    The University admits the allegations in Paragraph 121.

122.    The allegations of Paragraph 122 are legal conclusions which require no response from the University and to the extent a response is required, the University denies.

123.    The University has insufficient information with which to admit or deny the allegations in Paragraph 123 and therefore denies.

124.    The University denies the allegations in Paragraph 124.

125.    The University denies the allegations in Paragraph 125.

126.    The University lacks information as to the allegations in Paragraph 126 and therefore denies.

127.    The University admits the allegations in Paragraph 127.

128.    The University denies the allegations of Paragraph 128.

129.    The University admits the allegations in Paragraph 129.

130.    The University has insufficient information with which to admit or deny the allegations in Paragraph 130 and therefore denies.

131.    The University has insufficient information with which to admit or deny the allegations in Paragraph 131 and therefore denies.

132.    The allegations of Paragraph 132 are legal conclusions which require no response from the University and to the extent a response is required, the University denies.

133.    The allegations of Paragraph 133 are legal conclusions which require no response from the University and to the extent a response is required, the University denies.

134.    The University has insufficient information with which to admit or deny the allegations in Paragraph 134 and therefore denies.

135.    The University has insufficient information with which to admit or deny the allegations in Paragraph 135 and therefore denies.

136.    The University denies the allegations in Paragraph 136.

137.    The University denies the allegations in Paragraph 137.

138.    The University admits that Mr. Lanford was using his available sick and annual leave to cover absences and has insufficient information with which to admit or deny the remaining allegations in Paragraph 138 and therefore denies.

139.    The University denies the allegations in Paragraph 139.

140.    The University admits tracking Mr. Lanford's leave usage and accrual and denies the remaining allegations in Paragraph 140.

141.    The University admits Mr. Lanford was administratively discharged when he ran out of accrued leave on February 28, 2019, and denies the remaining allegations in Paragraph 141.

142.    The University admits the allegations in Paragraph 142.

143.    The University denies the allegations in Paragraph 143.

144.    The University denies the allegations in Paragraph 144.

145. The University denies the allegations in Paragraph 145.

**First Cause of Action**
**(Rehabilitation Act - Failure to Accommodate)**

146. The University incorporates by reference its responses to Paragraphs 1-145.

147. The University admits the allegations in Paragraph 147.

148. The University admits the allegations in Paragraph 148.

149. The University denies the allegations of Paragraph 149.

150. The University has insufficient information with which to admit or deny the allegations in Paragraph 150 and therefore denies.

151. The University has insufficient information with which to admit or deny the allegations in Paragraph 151 and therefore denies.

152. The University admits Plaintiff was qualified for his position at some time during his employment, but denies the remaining allegations in Paragraph 152.

153. The University has insufficient information with which to admit or deny the remaining allegations in Paragraph 153 and therefore denies.

154. The allegations of Paragraph 154 are legal conclusions which require no response from the University and to the extent a response is required, the University denies.

155. The University has insufficient information with which to admit or deny the remaining allegations in Paragraph 155 and therefore denies.

156. The University denies the allegations in Paragraph 156.

157. The University denies the allegations in Paragraph 157.

158. The University denies the allegations in Paragraph 158.

159.    The University denies the allegations in Paragraph 159.

160.    The University denies the allegations in Paragraph 160.

161.    The University denies the allegations in Paragraph 161.

162.    The University denies the allegations in Paragraph 162.

163.    The University denies the allegations in Paragraph 163.

## Second Cause of Action
### (Rehabilitation Act – Discriminatory Termination of Employment)

164.    The University incorporates by reference its responses to Paragraphs 1-163.

165.    The University denies the allegations of Paragraph 165.

166.    The University denies the allegations of Paragraph 166.

167.    The University denies the allegations of Paragraph 167.

168.    The University denies the allegations of Paragraph 168.

169.    The University denies the allegations in Paragraph 169.

170.    The University denies the allegations in Paragraph 170.

171.    The University denies the allegations in Paragraph 171.

172.    The University denies the allegations in Paragraph 172.

## Third Cause of Action
### (Colorado Anti-Discrimination Act—Failure to Accommodate)

173.    The University incorporates by reference its responses to Paragraphs 1-172.

174.    The University admits the allegations in Paragraph 174.

175.    The University denies the allegations in Paragraph 175.

176.    The University lacks information as to the allegations in Paragraph 176 and therefore denies.

14

177.    The University lacks information as to the allegations in Paragraph 177 and therefore denies.

178.    The University admits Plaintiff was qualified for his position at some time during his employment, but denies the remaining allegations in Paragraph 178.

179.    The University lacks information as to the allegations in Paragraph 179 and therefore denies.

180.    The allegations of Paragraph 180 are legal conclusions which require no response from the University and to the extent a response is required, the University denies.

181.    The University lacks information as to the allegations in Paragraph 181 and therefore denies.

182.    The University denies the allegations in Paragraph 182.

183.    The University denies the allegations in Paragraph 183.

184.    The University denies the allegations in Paragraph 184.

185.    The University denies the allegations of Paragraph 185.

186.    The University denies the allegations in Paragraph 186.

187.    The University denies the allegations in Paragraph 187.

188.    The University denies the allegations in Paragraph 188.

189.    The University denies the allegations in Paragraph 189.

**Fourth Cause of Action**
**(Colorado Anti-Discrimination Act—Discriminatory Termination of Employment)**

190.    The University incorporates by reference its responses to Paragraphs 1-189.

191.    The University admits the allegations in Paragraph 191.

192.    The University denies the allegations of Paragraph 192.

193.    The University denies the allegations of Paragraph 193.

194.    The University denies the allegations of Paragraph 194.

195.    The University denies the allegations of Paragraph 195.

196.    The University denies the allegations in Paragraph 196.

197.    The University denies the allegations in Paragraph 197.

198.    The University denies the allegations in Paragraph 198.

199.    The University denies the allegations in Paragraph 199.

## General Denial

The University denies any allegation not specifically admitted in this Answer and denies that Plaintiff is entitled to any relief or recovery.

## Affirmative Defenses

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims may be barred or reduced by a failure to mitigate damages, if any.

**DATED**: October 23, 2020.

Respectfully submitted:

*s/ Erica Weston*_____
Erica Weston
Senior Associate University Counsel

16

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served on October 23, 2020, via

the Court's electronic filing system (CM/ECF) to the following:


Ian D. Kalmanowitz, # 32379
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
ikalmanowitz@cornishanddellolio.com

*s/ Laura Isacco*
Laura Isacco, Legal Assistant
